UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEBRA UPCHURCH, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| VS. ) | |
| ) | CAUSE NO. 1:17-CV-2595-RLM-MJD |
| GOODWILL INDUSTRIES OF CENTRAL ) | |
| AND SOUTHERN INDIANA, INC., AND ) | |
| JULIUS DUNBAR, ) | |
| ) | |
| DEFENDANTS. ) | |
| ) | |

OPINION AND ORDER

Debra Upchurch filed a seven-count complaint against Goodwill Industries of Central and Southern Indiana, Goodwill Foundation of Central and Southern Indiana, Michael Trotta, and Julius Dunbar, alleging violations of discrimination and retaliation under Title VII of the Civil Rights act, 42 U.S.C. § 2000e-2 *et seq.*; 42 U.S.C. § 1981; Indiana Civil Rights Law*,* Ind. Code § 22-9-1-1 *et seq.*; and Indiana common law by engaging in retaliatory conduct and discriminatory practices based on her race and gender. Ms. Upchurch claims that after she agreed to car pool with her co-worker Julius Dunbar, she was subject to harassment, discrimination, and slander per se. After Ms. Upchurch made several internal complaints, she says, Mr. Dunbar further harassed Ms. Upchurch in retaliation. As a result of the hostile work environment, Ms. Upchurch says she was "forced to resign" from her position. Ms. Upchurch seeks judgment against the defendants; directing the defendants to pay her actual, compensatory, and punitive damages, pre-and post-judgment interests, attorney fees, and costs.

Ms. Upchurch moved to voluntarily dismiss defendants Goodwill Foundation and Michael Trotta [Docs. No. 11 and 20]; Goodwill Industries and Mr. Dunbar are the remaining parties in this case. Under Federal Rule of Civil Procedure 12(b)(6), defendants have moved to dismiss five of Ms. Upchurch's claims for failure to state a claim: sex discrimination under Title VII and 42 U.S.C. § 1981; race discrimination under both Title VII and Indiana law; retaliation under Title VII, and defamation under Indiana common law. Ms. Upchurch filed her response to the motion, and the defendants filed a reply. For the reasons that follow, the court grants the motion in part.

LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to seek dismissal of a complaint that states no claim upon which relief can be granted. When deciding a Rule 12(b)(6) motion, the court must accept as true the factual allegations of the complaint and draw all reasonable inferences in favor of the plaintiff without engaging in fact-finding. Reger Dev., LLC v. National City Bank, 592 F.3d 759, 763 (7th Cir. 2010); Stakowski v. Town of Cicero, 425 F.3d 1075, 1078 (7th Cir. 2005). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662 (2009) (*quoting* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Under the pleading standard of Rule 8(a), a complaint needn't contain "detailed factual allegations," but the complaint's allegations "must be enough to raise a right to relief above the speculative level" and give the defendant fair notice of the claims being asserted

2

and the grounds upon which they rest. Bell Atl. v. Twombly, 550 U.S. at 555; *see also* Brooks v. Ross, 578 F.3d 574, 581 (7th Cir. 2009) ("First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements.").

## DISCUSSION

Mr. Dunbar argues that he can't be individually liable to Ms. Upchurch under Title VII of the Civil Rights Act, and/or the Indiana Constitution. As a co-worker, Mr. Dunbar doesn't fit within the definition of an "employer" under Title VII or Indiana Law. *See* 42 U.S.C. 2000e(b); Ind. Code § 22-9-1-3(h) ("'Employer' means the state or any political or civil subdivision thereof and any person employing six (6) or more persons within the state."). In addition, the court of appeals has held that Title VII provides no basis for individual liability. Ms. Upchurch responds that Title VII allows for individual liability under specific circumstances. The plain language of the statute allows for a claim to be made against the employer's agent. *See* 42 U.S.C. § 2000e(b) ("The term 'employer' means a person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such a person").

The court agrees with Mr. Dunbar's argument. Supervisors and co-workers can't be held liable in their individual capacity under Title VII because they don't fit the definition of "employer." McCullough v. Mister "P" Express, Inc., 2015 U.S. Dist. LEXIS 11703, at *7 (S.D. Ind. Feb. 2, 2015)

3

(*citing* Passananti v. Cook County, 689 F.3d 655, 677 (7th Cir. 2012)) (citations omitted). "[W]hile Title VII's definition of 'employer' does include the term 'agent,' Congress intended only for employers to be liable for their agent's actions under the traditional *respondeat superior* doctrine, not for agents to be personally liable." McCullough v. Mister "P" Express, Inc., 2015 U.S. Dist. LEXIS 11703, at *7 (*quoting* Gastineau v. Fleet Mortg. Corp., 137 F.3d 490, 494 (7th Cir. 1998)). Ms. Upchurch's Title VII claims against Mr. Dunbar must be dismissed.

Next, the defendants argue that Ms. Upchurch failed to exhaust the administrative remedies required to bring an action under the Indiana civil rights laws. Ms. Upchurch didn't file a charge with the Indiana Civil Rights Commission when she filed her charge with the Equal Employment Opportunity Commission. Ms. Upchurch maintains that she exhausted her administrative remedies because the Equal Employment Opportunity Commission and the Indiana Civil Rights Commission have a "worksharing agreement" that allows for a dual filing between both agencies if the plaintiff makes a charge with the Equal Employment Opportunity Commission. The defendants point out that under the Indiana civil rights laws, Ms. Upchurch must provide proof that the defendants agreed to litigate in court, in addition to the Equal Employment Opportunity Commission's notice of right to sue.

The court agrees with the defendants. Ms. Upchurch had the benefit of a dual-filing under the worksharing agreement but the worksharing agreement didn't provide Ms. Upchurch with a unilateral right to pursue her Indiana claims through litigation—absent an appeal of the final Commission decision, *see* Ind. Code. § 22-9-8-1, or through a written agreement between the parties. *See*

4

McCullough v. Mister "P" Express, Inc., 2015 U.S. Dist. LEXIS 11703, at *11 (*citing* Nieman v. Nationwide Mut. Ins. Co., 706 F. Supp. 2d 897, 915-16 (C.D. Ill. 2010)) (internal citations and quotation marks omitted); *see also* Vanderploeg v. Franklin Fire Dep't, 2000 U.S. Dist. LEXIS 6403, at *8-9 (S.D. Ind. Apr. 5, 2000) ("The administrative process of the Indiana Civil Rights Law can be bypassed, but only in one narrow circumstance: if both the party making the complaint and the party responding to it agree in writing to have the matter decided in a court of law. Otherwise, there is no private right of action.").

Ms. Upchurch hasn't presented evidence of a written agreement with the defendants to proceed with her Indiana civil rights claims in a court of law; nor does she allege that the Indiana Civil Rights Commission reviewed any of her claims. The court must dismiss all of Ms. Upchurch's claims under the Indiana civil rights laws.

Next, the defendants say that Ms. Upchurch failed to state a claim under 42 U.S.C. § 1981(a), because that statute doesn't authorize a claim for sex discrimination. Ms. Upchurch points to Taylor v. National Group of Companies, Inc., 872 F.Supp. 462 (N.D. Ohio 1994), to establish that sex discrimination claims are actionable under § 1981. Taylor isn't binding precedent for this court and runs headlong into the overwhelming weight of authority in this circuit that addresses this issue. Section 1981 doesn't address claims for sex discrimination; it only prohibits discrimination based on race or alienage. Lewis v. Chicago Hous. Auth., 1998 WL 774133, at *3 (N.D. Ill. Oct. 28, 1998) (*quoting* Moore v. Allstate Ins. Co., 928 F.Supp. 744, 752 (N.D. Ill. 1996); *citing, inter alia*, Runyon v. McCrary, 427 U.S. 160, 167, (1976); Movement for Opportunity and Equality v. General Motors

5

Corp., 622 F.2d 1235, 1278 (7th Cir.1980)) (quotation marks omitted). Ms. Upchurch's sex discrimination claim under 42 U.S.C. § 1981 must be dismissed.

The defendants next argue that Ms. Upchurch doesn't allege a valid retaliation claim under either Indiana common law and Title VII. Ms. Upchurch's complaint didn't provide a statutory basis for her claim; the defendants assume that Ms. Upchurch sought to bring her claim under "some theory of common law wrongful discharge."[1] Ms. Upchurch clarifies in her response briefing that she is pursuing a retaliation claim under Title VII, and says she can "adopt" her claim into an EEOC complaint. If the pleading is insufficient, Ms. Upchurch says the defendants should have sought supplementation instead of an outright dismissal.

To plead a Title VII retaliation claim, a plaintiff must allege (though she needn't use the specific terms) that she engaged in statutorily protected activity and was subjected to adverse employment action as a result of that activity. Huri v. Office of the Chief Judge of the Circuit Court of Cook Cty., 804 F.3d 826, 833 (7th Cir. 2015) (citing Luevano v. Wal-Mart Stores, Inc., 722 F.3d 1014, 1029 (7th Cir. 2013)). In the retaliation context, "adverse employment action" simply means an employer's action that would dissuade a reasonable worker from participating in protected activity.

---

[1] The defendants make a tangential argument as to why Ms. Upchurch's retaliation claim should be dismissed, and point to case law that supports their theory that Indiana common law doesn't provide a remedy for her claim. See, e.g., Davenport v. Grand Lodge of the Free & Accepted Masons of the State of Ind., 2004 U.S. Dist. LEXIS 20254, *11-*22 (S.D. Ind., Sept. 30, 2004) (Hamilton, J.) (rejecting claim of common law wrongful discharge as various statutes (including Title VII and the [Indiana Civil Rights Law]) provided remedies for the violations alleged by Plaintiff and "there is no need to expand the public policy exception to create a broader common law remedy;" "The Seventh Circuit and district courts in Indiana have repeatedly predicted that Indiana courts would not recognize a common law claim for wrongful discharge contrary to public policy where the underlying statute establishes its own remedies and procedures for discrimination and retaliatory discharge.").

That isn't this case. It's clear from the complaint that Ms. Upchurch seeks relief for retaliation, a theory separate and distinct from wrongful discharge.

6

Huri v. Office of the Chief Judge of the Circuit Court of Cook Cty., 804 F.3d at 833; (*citing* Chaib v. Indiana, 744 F.3d 974, 986–87 (7th Cir. 2014)).

Ms. Upchurch didn't explicitly mention retaliation in her EEOC charge, nor did she check the "retaliation" box listed on the charge form. A plaintiff must file a timely charge with the Equal Employment Opportunity Commission encompassing the acts complained of as a prerequisite to filing suit in federal court. Babrocky v. Jewel Food Co., 773 F.2d 857, 863 (7th Cir. 1985) (*citing* Alexander v. Gardner-Denver Co., 415 U.S. 36, 47 (1974)). Requiring a plaintiff to first file with the EEOC "serves two purposes: affording the EEOC the opportunity to settle the dispute between the employee and employer, and putting the employer on notice of the charges against it." Sitar v. Ind. DOT, 344 F.3d 720, 726 (7th Cir. 2003) (citations omitted). Accordingly, "[a]s a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in her EEOC charge." Cheek v. Western & S. Life Ins. Co., 31 F.3d 497, 500 (7th Cir. 1994). Claims not included in the charge can still be brought "if they are 'like or reasonably related to the allegations of the [EEOC] charge and growing out of such allegations.'" Moore v. Vital Prod., Inc., 641 F.3d 253, 256–57 (7th Cir. 2011) (*quoting* Jenkins v. Blue Cross Mut. Hosp. Ins., Inc., 538 F.2d 164, 167 (7th Cir. 1976)).

Although unartfully pleaded, Ms. Upchurch's complaint advances her claim of retaliation. In paragraph 59 of Ms. Upchurch's complaint, she states that "the conduct of defendants in the discouraging and displacing of [Ms. Upchurch] in her position as a customer service representative was in retaliation for [Ms. Upchurch's] complaints about [Mr. Dunbar's conduct] towards her, and were initiated based upon a series of complaints of [Ms. Upchurch], a Native American Female." Ms. Upchurch's EEOC charge further explains that reference: it states that her manager changed her and Mr. Dunbar's schedules, and she was "happy to be free of having [Mr. Dunbar] in [her] car for 2 days a week." She further states that "[Mr. Dunbar] got mad and went to the manager and had him change schedules back so [she] would have to pick him up." Ms. Upchurch also states in the charge that human resources didn't take her complaints seriously. When she told human resources that Mr. Dunbar harassed her on five different occasions, they didn't take action because she was only able to recall four dates, and only one incident was caught on camera. After the series of complaints, Mr. Dunbar continued to harass Ms. Upchurch in retaliation. Mr. Dunbar also told Ms. Upchurch that the manager "would never do anything [about her complaints]." The charge also mentions that Mr. Dunbar "confessed to the manager, yet he is still employed."

Drawing all reasonable inferences In Ms. Upchurch's favor, she has stated a claim for retaliation against Goodwill Industries, and did so in her EEOC charge as well. Accepting her allegations as true, Ms. Dunbar engaged in a "protective activity" by complaining to human resources and management several times about Mr. Dunbar's harassment, and she was subjected to several "adverse employment actions" as a result: Mr. Dunbar changed his schedule back to coincide with Ms.

8

Upchurch's for the purpose of retaliatory harassment, and Goodwill Industries (vis-a-vis human resources and management) failed to take action after Ms. Upchurch complained of harassment—in addition to discounting her claims and ignoring evidence recorded on video. It's an unusual retaliation case in which leaving the situation unchanged is retaliatory, but nothing in the law of retaliation restricts the type of retaliatory act that might be visited upon an employee who seeks to invoke her rights by filing a complaint[2]; it need only be an adverse employment action. Knox v. State of Ind., 93 F.3d 1327, 1334 (7th Cir. 1996) (citations omitted). The law deliberately does not take a "laundry list" approach to retaliation, because unfortunately its forms are as varied as the human imagination will permit. Id. Accordingly, Ms. Upchurch has stated a valid retaliation claim.

Lastly, the defendants say that Ms. Upchurch hasn't sufficiently alleged a claim for defamation of character and/or slander per se. Although Ms. Upchurch isn't required to recite verbatim the defamatory statement(s) in her complaint, the defendants say she must provide enough information about the alleged defamatory statement to allow them to form an appropriate response and prepare a defense. Cowgill v. Whitewater Pub., 2008 WL 2266367, at *2 (S.D. Ind. May 29, 2008). Ms. Upchurch maintains that her statement met the notice pleading standard in Cowgill. She identified the people who overheard her statement as "fellow employees," she identified the "general nature" of Mr. Dunbar's statements, and that Goodwill Industries "condoned" the statements. In the alternative, Ms. Upchurch asks for leave to amend the complaint.

---

[2] A "complaint" isn't limited to a formal complaint to the Equal Employment Opportunity Commission; making internal complaints is sufficient to be considered a "statutorily protected activity." *See, e.g.,* Huri v. Office of the Chief Judge of the Circuit Court of Cook Cty., 804 F.3d 826, 833 (7th Cir. 2015).

Under notice pleading, a plaintiff need only plead the operative facts involved in the litigation. A complaint is sufficient if it states any set of allegations, no matter how unartfully pleaded, upon which the trial court could have granted relief. Impink v. City of Indianapolis, Bd. of Pub. Works, 612 N.E.2d 1125, 1127 (Ind. Ct. App. 1993) (*citing* Runde v. Vigus Realty, Inc., 617 N.E.2d 572, 575 (Ind. Ct. App. 1993). Stated differently, the plaintiff must provide a "clean and concise statement that will put the defendants on notice as to what has taken place and the theory that the plaintiff plans to pursue." *See id.*

In paragraph 48 of Ms. Upchurch's complaint, she alleges that she has been "continuously ridiculed, maligned and generally harassed and unjustifiably criticized and otherwise slandered in the presence of [Ms. Upchurch's] co-workers and customers of Defendants Goodwill Industries and Goodwill Foundation." She further alleges in her defamation claim that "such acts on the part of defendants in maligning (speaking harmful untruths about) [Ms. Upchurch's] professional vocational competency and ability, including sexual advances, to function with co-workers constituted slander per se."

Even drawing all reasonable inferences in favor of Ms. Upchurch, her complaint doesn't meet the pleading standard. The allegations in Ms. Upchurch's defamation claim lack reference to the number of statements made, the context in which they were made, and to whom the statements were made. As written, her complaint states no claim for which relief can be granted.

CONCLUSION

For the foregoing reasons, the court GRANTS IN PART and DENIES IN PART defendants'

motion to dismiss [Doc. No. 24] as follows:

1. The court GRANTS the motion insofar as it seeks to dismiss all of Ms. Upchurch's claims of discrimination based on race and sex under § 22-9-1 of the Indiana Constitution, with prejudice.

2. The court GRANTS the motion insofar as it seeks to dismiss Ms. Upchurch's discrimination and retaliation claims under Title VII against Mr. Dunbar, with prejudice.

3. The court GRANTS the motion insofar as it seeks to dismiss Ms. Upchurch's sex discrimination claim under 42 U.S.C. § 1981, with prejudice.

4. The court GRANTS the motion insofar as it seeks to dismiss Ms. Upchurch's defamation/slander per se claims under Indiana common law, without prejudice. Ms. Upchurch has 14 days from the date of this order to file an amended complaint, or the court will dismiss the claim with prejudice.

5. The court DENIES the motion insofar as it seeks to dismiss Ms. Upchurch's retaliation claims under Title VII against Goodwill Industries.

SO ORDERED.

ENTERED: March 27, 2018.

/s/ Robert L. Miller, Jr.
Judge
United States District Court

Distribution:
Service will be made electronically
on all ECF-registered counsel of record
via email generated by the Court's ECF system.